Raul Tecu
35115/3517 S. Avalon Bl.
2nd Fl
Los Angeles, CA 90011
323-681-8915
PRO PER

FILED

2023 JAN -4 AM 11: 28

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY___ **rsm**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

David Choi,

　　　　　　Plaintiff(s),

　　　vs.

Raul Tecu, DOES 1 TO 10,

　　　　　　Defendant(s).

Case No. **2:23- CV-00030-FLA-RAOx**

NOTICE OF
REMOVAL

TO THE CLERK OF THE ABOVE-TITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE:

　　PLEASE TAKE NOTICE that defendant Raul Tecu ("Defendant") hereby remove to this Court the above-captioned action described further below:

THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

Plaintiff, David Choi, ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of Los Angeles, entitled:

NOTICE OF REMOVAL

David Choi VS Raul Tecu, DOES 1 TO 10

Defendant's Answer to the complaint for unlawful detainer was based on a defective Notice to quit. A copy of the relevant Pleadings, i.e., summons, complaint, and Answer are attached hereto as "Exhibit A."

1. This removal is therefore timely because it is not barred by the provisions of 28 U.S.C. § 1446(b).

2. There are no other named Defendants in the action.

3. No previous request has been made for the relief requested.

4. The Superior Court of California for the County of Los Angeles is located within the Central District of California. Sec 28 U.S.C. § 84(c)(1). Thus, venue is proper in this Court because it is the "district and divisions embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. This Action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b). The complaint presents federal questions. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

FEDERAL QUESTION: REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1331 and §1441.

7. The complaint for Unlawful Detainer is subject to strict notice requirements.

8. Defendant filed the Answer to the complaint based on a 3-Day Notice, i.e., Notice to Quit, that failed to comply with *Code of Civil Procedure* § 1161(2).

9. Notwithstanding said violation of *Code of Civil Procedure* § 1161(2), the Superior Court for the County of Los Angeles did not sustain the Answer.

10. Federal question exists because Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law.

Wherefore Defendants respectfully removes this action from the California Superior Court for the County of Los Angeles this Court pursuant to 28 United States Code Sections 1331 and 1441.

Dated: ___1/4/23___                                    By: _____

Raul Tecu

Defendant

NOTICE OF REMOVAL

# EXHIBIT 1

Scanned with CamScanner

22STUD07001

# SUMMONS
## (CITACIÓN JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

**SUM-130**

**NOTICE TO DEFENDANT:** Raul Tecu, Does 1 to 10
**(AVISO AL DEMANDADO):**

**YOU ARE BEING SUED BY PLAINTIFF:** David Choi
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE!** You have been sued The court may decide against you without your being heard unless you respond within 5 days You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.

A letter or phone call will not protect you Your written response must be in proper legal form if you want the court to hear your case There may be a court form that you can use for your response You can find these court forms and more information at the California Courts Online Self-Help Center (www courts ca gov/selfhelp), your county law library, or the courthouse nearest you If you do not file your response on time you may lose the case by default and your wages, money, and property may be taken without further warning from the court

There are other legal requirements You may want to call an attorney right away If you do not know an attorney, you may want to call an attorney referral service If you cannot afford an attorney you may be eligible for free legal services from a nonprofit legal services program You can locate these nonprofit groups at the California Legal Services website (www lawhelpca org) the California Courts Online Self-Help Center (www courts ca gov/selfhelp) or by contacting your local court or county bar association

**FEE WAIVER.** If you cannot pay the filing fee, ask the clerk for a fee waiver form. NOTE The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case The court's lien must be paid before the court will dismiss the case

*¡AVISO!* Usted ha sido demandado Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante

Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte Es posible que haya un formulario que usted pueda usar para su respuesta Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www sucorte ca gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte ca gov) o poniéndose en contacto con la corte o el colegio de abogados local

*EXENCION DE CUOTAS:* Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso

1 The name and address of the court is  LOS ANGELES SUPERIOR COURT
   (El nombre y dirección de la corte es)

   111 North Hill Street
   Los Angeles, California 90012

**CASE NUMBER (número del caso)**

**22STUD07001**

2 The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is  (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)  Jamie Kim. Esq.
LK PROFESSIONAL LAW GROUP
14730 Beach Blvd Suite 106, LA MIRADA, CA 90638
213-788-3588

Form Adopted for Mandatory Use
Judicial Council of California
SUM 130 [Rev. January 1 2022]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civ Procedure §§ 412 20 415 45 1167
www courts ca gov

Page 1 of 2

Scanned with CamScanner

PLAINTIFF (Name) David Choi

DEFENDANT (Name) Raul Tecu, Does 1 to 10

SUM-130

CASE NUMBER

22STUD07001

3. (Must be answered in all cases) An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [X] did not [ ] did for compensation give advice or assistance with this form (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 4 below.)

4. Unlawful detainer assistant (complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant)

   a. Assistant's name

   b. Telephone no

   c. Street address, city, and zip

   d. County of registration

   e. Registration no

   f. Registration expires on (date):

Date: 10/24/2022
(Fecha)

Sherri R. Carter Executive Officer / Clerk of Cou

Clerk, by                    D. Johnson              Deputy
(Secretario)                                          (Adjunto)

(For proof of service of this summons use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (form POS-010).)

[SEAL]

5. NOTICE TO THE PERSON SERVED: You are served

   a. [ ] as an individual defendant

   b. [ ] as the person sued under the fictitious name of (specify)

   c. [ ] as an occupant

   d. [ ] on behalf of (specify)

      under [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
            [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
            [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
            [ ] CCP 415.46 (occupant)           [ ] other (specify)

   e. [ ] by personal delivery on (date)

SUM 130 (Rev January 1, 2022)

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Page 2 of 2

Scanned with CamScanner

FILED Superior Court of California, County of Los Angeles on 10/25/2022 02:00 PM R. Carter, Executive Officer/Clerk of Court, by D. Johnson,Deputy Clerk

228TUD07001

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Cherol Nellon

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** | **STATE BAR NUMBER** 271898 | **UD-100** |
| NAME Jamie Kim, Esq. | | **FOR COURT USE ONLY** |
| FIRM NAME LK PROFESSIONAL LAW GROUP | | |
| STREET ADDRESS 14730 Beach Blvd Suite 106 | | |
| CITY LA MIRADA | STATE CA   ZIP CODE 90638 | |
| TELEPHONE NO 213-788-3588 | FAX NO 213-788-3380 | |
| EMAIL ADDRESS jamie@lklawg.com | | |
| ATTORNEY FOR (name) David Choi | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: David Choi

DEFENDANT: Raul Tecu

[X] DOES 1 TO 10

| | |
|---|---|
| **COMPLAINT—UNLAWFUL DETAINER\*** | **CASE NUMBER:** |
| [X] COMPLAINT  [ ] AMENDED COMPLAINT  (Amendment Number): | **228TUD07001** |

**Jurisdiction** (check all that apply):
[X] ACTION IS A LIMITED CIVIL CASE
Amount demanded  [X] does not exceed $10,000.
                 [ ] exceeds $10,000 but does not exceed $25,000.
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
    [ ] from unlawful detainer to general unlimited civil (possession not in issue).   [ ] from limited to unlimited.
    [ ] from unlawful detainer to general limited civil (possession not in issue).   [ ] from unlimited to limited.

1. PLAINTIFF (name each)  David Choi

alleges causes of action against DEFENDANT (name each): Raul Tecu

2. a.  Plaintiff is  (1) [X] an individual over the age of 18 years.  (4) [ ] a partnership.
                    (2) [ ] a public agency.                          (5) [ ] a corporation.
                    (3) [ ] other (specify):
   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. a.  The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county): 3515/3517 S Avalon Bl 2nd Fl LA CA 90011
   b.  The premises in 3a are (check one)
       (1) [X] within the city limits of (name of city): Los Angeles
       (2) [ ] within the unincorporated area of (name of county):
   c.  The premises in 3a were constructed in (approximate year):

4. Plaintiff's interest in the premises is  [X] as owner  [ ] other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

\* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

| | | |
|---|---|---|
| Form Approved for Optional Use Judicial Council of California UD-100 [Rev. September 1, 2020] | **COMPLAINT—UNLAWFUL DETAINER** | Page 1 of 4 Civil Code, § 1940 et seq. Code of Civil Procedure, §§ 425.12, 1166 www.courts.ca.gov Westlaw Doc & Form Builder |

Scanned with CamScanner

UD-100

| PLAINTIFF: David Choi | CASE NUMBER |
|---|---|
| DEFENDANT: Raul Tecu | |

6. a. On or about (date): 4/1/2010
defendant (name each): Raul Tecu

    (1) agreed to rent the premises as a [X] month-to-month tenancy ☐ other tenancy (specify):
    (2) agreed to pay rent of $2,150.00      payable ☐ monthly ☐ other (specify frequency):
    (3) agreed to pay rent on the ☐ first of the month ☐ other day (specify):

  b. This [X] written ☐ oral agreement was made with
    (1) ☐ plaintiff.   (3) [X] plaintiff's predecessor in interest.
    (2) ☐ plaintiff's agent. (4) ☐ Other (specify):

  c. ☐ The defendants not named in item 6a are
    (1) ☐ subtenants.
    (2) ☐ assignees.
    (3) ☐ Other (specify):

  d. ☐ The agreement was later changed as follows (specify):

  e. [X] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)

  f. ☐ (For residential property) A copy of the written agreement is not attached because (specify reason):
    (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. The tenancy described in 6 (complete (a) or (b))
  a. [X] is not subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is (specify): Commercial tenancy
  b. ☐ is subject to the Tenant Protection Act of 2019

8. (Complete only if item 7b is checked. Check all applicable boxes.)
  a. ☐ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
  b. ☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff (check one)
    (1) ☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $
    (2) ☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $ to (name each defendant and amount given to each): Raul Tecu

  c. ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. [X] Defendant (name each): Raul Tecu

  was served the following notice on the same date and in the same manner:
    (1) ☐ 3-day notice to pay rent or quit     (5) [X] 3-day notice to perform covenants or quit
    (2) ☐ 30-day notice to quit                    (not applicable if item 7b checked)
    (3) ☐ 60-day notice to quit           (6) ☐ 3-day notice to quit under Civil Code, § 1946.2(c)
    (4) ☐ 3-day notice to quit                 Prior required notice to perform covenants served (date):
                                   (7) ☐ Other (specify):

UD-100 [Rev. September 1, 2020]       **COMPLAINT—UNLAWFUL DETAINER**       Page 2 of 4

Scanned with CamScanner

UD-100

PLAINTIFF: David Choi
DEFENDANT: Raul Tecu

CASE NUMBER:

9. b. (1) On (date): 10/21/2022    the period stated in the notice checked in 9a expired at the end of the day.

(2) Defendants failed to comply with the requirements of the notice by that date.

c. All facts stated in the notice are true

d. ☐ The notice included an election of forfeiture.

e. ☒ A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166 When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)

f. ☐ One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. (Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)

10. a. ☒ The notice in item 9a was served on the defendant named in item 9a as follows:

(1) ☐ By personally handing a copy to defendant on (date):

(2) ☐ By leaving a copy with (name or description):

a person of suitable age and discretion, on (date)          at defendant's
☐ residence   ☐ business   AND mailing a copy to defendant at defendant's place of residence
on (date):          because defendant cannot be found at defendant's residence or usual place of business.

(3) ☒ By posting a copy on the premises on (date): 10/18/2022
☒ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises
on (date) 10/18/2022

(a) ☐ because defendant's residence and usual place of business cannot be ascertained OR

(b) ☒ because no person of suitable age or discretion can be found there.

(4) ☐ (Not for 3-day notice, see Civil Code, § 1946, before using) By sending a copy by certified or registered mail addressed to defendant on (date)

(5) ☐ (Not for residential tenancies, see Civil Code, § 1953, before using) In the manner specified in a written commercial lease between the parties

b. ☐ (Name)
was served on behalf of all defendants who signed a joint written rental agreement.

c. ☐ Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.

d. ☒ Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

11. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

12. ☐ At the time the 3-day notice to pay rent or quit was served the amount of rent due was $

13. ☒ The fair rental value of the premises is $ 71.67          per day.

14. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b) (State specific facts supporting a claim up to $600 in Attachment 14.)

15. ☐ A written agreement between the parties provides for attorney fees.

16. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):

Plaintiff has met all applicable requirements of the ordinances.

17. ☐ Other allegations are stated in Attachment 17.

18. Plaintiff accepts the jurisdictional limit, if any, of the court.

UD-100 (Rev. September 1, 2020)

**COMPLAINT—UNLAWFUL DETAINER**

Page 5 of 6

Scanned with CamScanner

PLAINTIFF David Choi
DEFENDANT Retal Tech

CASE NUMBER

19. PLAINTIFF REQUESTS

a    possession of the premises
b    costs incurred in this proceeding
c    ☐ past-due rent of $
d    ☐ reasonable attorney fees.
e    ☒ forfeiture of the agreement

f    ☐ damages in the amount of waved rent or relocation assistance as stated in item # 5
g    ☐ damages at the rate stated in item 13 from date
     for each day that defendants remain in possession through entry of judgment
h    ☐ statutory damages up to $600 for the conduct alleged in item 14
i    ☐ other (specify)

20. ☐ Number of pages attached (specify)

**UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, §§ 6400-6415)

21. ☒ (Complete in all cases.) An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. (If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a-f.)
a    Assistant's name
b    Street address, city, and zip code
c    Telephone no.
d    County of registration
e    Registration no.
f    Expires on (date):

Date: 10/24/2022

Jamie Kim, Esq.
(TYPE OR PRINT NAME)

▶ *Jamie Kim*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)

I am the plaintiff in this proceeding and have read the complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 10/24/2022

David Choi
(TYPE OR PRINT NAME)

▶ *David Choi*
(SIGNATURE OF PLAINTIFF)

COMPLAINT—UNLAWFUL DETAINER

Page 6 of 6

Scanned with CamScanner

**UD-105**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | | FOR COURT USE ONLY |
|---|---|---|
| NAME: Leticia Lopez    STATE BAR NUMBER | | |
| FIRM NAME: | | |
| STREET ADDRESS: 3517 Avalon Blvd. | | **CONFORMED COPY** |
| CITY: Los Angeles    STATE CA    ZIP CODE 90011 | | **ORIGINAL FILED** |
| TELEPHONE NO: (323) 681 8915    FAX NO: | | Superior Court of California |
| EMAIL ADDRESS: | | County of Los Angeles |
| ATTORNEY FOR (name): | | **NOV 02 2022** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES SUPERIOR COURT**

STREET ADDRESS: **111 NORTH HILL STREET**

MAILING ADDRESS:

CITY AND ZIP CODE: **LOS ANGLES, CA 90012**

BRANCH NAME: **ROOM 102**

Sheri R. Carter, Executive Officer/Clerk of Court

By: L. Castillejo, Deputy

PLAINTIFF: David Choi

DEFENDANT: Raul Tecu

**ANSWER—UNLAWFUL DETAINER**

CASE NUMBER: 22STUD07001

1. Defendant (all defendants for whom this answer is filed must be named and must sign this answer unless their attorney signs):

   Leticia Lopez

   answers the complaint as follows:

2. **DENIALS** (Check ONLY ONE of the next two boxes.)

   a. ☑ **General Denial** (Do not check this box if the complaint demands more than $1,000.)
   Defendant generally denies each statement of the complaint and of the Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer (form UD-101).

   b. ☐ **Specific Denials** (Check this box and complete (1) and (2) below if complaint demands more than $1,000.)
   Defendant admits that all of the statements of the complaint and of the Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer (form UD-101) are true EXCEPT:

   (1) **Denial of Allegations in Complaint** (Form UD-100 or Other Complaint for Unlawful Detainer)

      (a) Defendant claims the following statements of the complaint are false (state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025):
      ☐ Explanation is on form MC-025, titled as Attachment 2b(1)(a).

      (b) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them (state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025):
      ☐ Explanation is on form MC-025, titled as Attachment 2b(1)(b).

   (2) **Denial of Allegations in Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer (form UD-101)**

      (a) ☐ Defendant did not receive plaintiff's Mandatory Cover Sheet and Supplemental Allegations (form UD-101). (If not checked, complete (b) and (c), as appropriate.)

      (b) ☐ Defendant claims the statements in the Verification required for issuance of summons—residential, item 3 of plaintiff's Mandatory Cover Sheet and Supplemental Allegations (form UD-101), are false.

      (c) Defendant claims the following statements on the Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer (form UD-101) are false (state paragraph numbers from form UD-101 or explain below or, if more room needed, on form MC-025): ☐ Explanation is on form MC-025, titled as Attachment 2b(2)(c).

Page 1 of 5

Form Approved for Optional Use
Judicial Council of California
UD-105 [Rev. April 14, 2022]

**ANSWER—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.,
Code of Civil Procedure, §§ 425.12,
1161 et seq., 1179.01 et seq.
www.courts.ca.gov

Scanned with CamScanner